UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DAVID KOREEN DARNELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-82-TLS |
| | ) | |
| DR. SHIHADEH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

David Koreen Darnell, a prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983, alleging that the Defendants failed to provide him with proper health care. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b).

**STANDARD OF REVIEW**

The Court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be liable for deliberate indifference, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice do not constitute deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

## ANALYSIS

### A. Allegations Against Dr. Shihadeh

The Plaintiff, an inmate housed in the Westville Control Unit, claims that Dr. Shihadeh has denied him medical care for his back and leg pain since February 2015. Specifically, he alleges that he is suffering from extreme pain in his lower back that radiates down his left leg. The condition impairs the Plaintiff's mobility to the point that he is sometimes unable to walk far enough to retrieve his meals. Nevertheless, Dr. Shihadeh refuses to perform any tests to determine what is wrong with him. Instead, Dr. Shihadeh simply tells the Plaintiff to stretch, even though he has informed the doctor that stretching is ineffective and causes more pain. Dr. Shihadeh has also, without reason, discontinued the prescribed medication that alleviated the Plaintiff's pain. He has replaced it with medication that is ineffective and causes stomach pains. Although the Plaintiff has complained about the medication, Dr. Shihadeh refuses to change the prescription. The Eighth Amendment does not entitle an inmate to demand a specific form of treatment; however, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654–55. Giving the Plaintiff the inferences to which he is entitled at the pleading stage, he has stated an Eighth Amendment claim against Dr. Shihadeh.

### B. Allegations Against Corizon Health Services

The Plaintiff has also sued Corizon Health Services (Corizon), a private company providing medical care at the prison. It appears he is trying to hold the company liable because it employs Dr. Shihadeh. However, there is no general *respondeat superior* liability under §1983.

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Accordingly, Corizon will be dismissed as a defendant.[1]

**CONCLUSION**

For the reasons stated above, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Dr. Shihadeh in his individual capacity for compensatory and punitive for denying him adequate medical care in violation of the Eighth Amendment by failing to treat his back and leg pain since February of 2015;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Corizon Heath Care Services;

(4) **DIRECTS** the Clerk to transmit the summons and USM-285 for Dr. Shihadeh to the United States Marshals Service along with a copy of the Complaint (ECF No. 2) and this Order;

(5) **DIRECTS** the U.S. Marshals Service to effect service of process on Dr. Shihadeh pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Shihadeh respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the

---

[1] It is possible that the Plaintiff is naming Corizon as a defendant in an attempt to sue unnamed nurses, doctors or staff employed by Corizon. (See Compl., ECF 2 at 2.) As a practical matter, his case cannot proceed against any unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Not only has he failed to identify any of these medical personnel, but the Complaint does not include any allegations against them. Thus, the Plaintiff has not stated a claim against Corizon for this reason as well.

claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION